Oldham, J. This was an action brought before a justice of the peace by the appellee against the appellant, Sterling, upon a note given to Wm. S. Blount and indorsed in blank. It is contended for the appellants that such indorsement does not vest in the holder a right of action upon the note. A bill or note indorsed in blank is transferrable by delivery only, and so long as the indorsement continues in blank, it makes the bill or note in effect payable to bearer. Chit, on Bills, 253. By the indorsement the payee divests himself of the legal interest in the bill or note, and it is vested by the delivery in the holder. Wilkinson v. Nicklin, 2 Dall. Rep. 296. An indorsement in blank constitutes a complete and perfect transfer of the interest in the bill or note, and without the addition of any other words, will vest the right of action and all other rights in the transferee and subsequent holders: though if the transferee be a mere agent, his principal may interfere, and a blank indorsement is now' considered as prima facie a transfer of the interest .until the contrary beestab-lished by showing that it was a mere deposit, and is of itself sufficient to transfer the right of action to any bona fide holder. Chitty on Bills, 255. Bender, being the bonafide holder of the note indorsed in blank, was entitled to sue upon it. The judgment in his favor is therefore proper. The maker might have shown upon the trial that the indorsement in blank and delivery of the note were intended as a mere deposit. We see no error in the judgment of the circuit court, and the same is accordingly affirmed.